## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALTON TOLSON, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-17-337 |
| STEVEN JOHNSON, and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND | * | |
| Respondents | * | |

***

## MEMORANDUM

Alton Tolson filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for Prince George's County on charges of first degree murder and a related firearm offense. He was 16 at the time of the offenses, and received a sentence of life imprisonment plus 20 years, consecutive. ECF 1. Mr. Tolson's life sentence was discretionary, not mandatory. *Id*. Moreover, the life sentence is subject to possible parole.

The Petition was stayed by Order of February 27, 2018 (ECF 5), to allow Petitioner to pursue a potentially meritorious claim through the Maryland State courts. In particular, Tolson claimed that his life sentence, which was imposed when he was a juvenile, runs afoul of the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 567 U.S. 460 (2016).

### I.  Factual and Procedural Background

On September 18, 2002, Tolson pleaded guilty in the Circuit Court for Prince George's County to first degree murder and a related handgun offense. ECF 3-1 at 2. He was sentenced on November 8, 2002, to a total term of life in prison plus 20 years. *Id*. at 5. Tolson's timely application for leave to appeal was summarily denied on May 28, 2003. *Id*. at 6, ECF 3-2 at 2-3.

As such, Tolson's judgment of conviction became final on August 26, 2003. *See* Sup. Ct. Rule 13.1 (requiring review to be sought within 90 days of judgment from which review is sought).

Before Tolson's judgment of conviction became final on direct appeal, Tolson filed a motion for reconsideration of sentence on January 8, 2003. ECF 3-1 at 6. The court held the motion in abeyance (*id.*) and does not appear to have ever ruled on it. ECF 3-1.

Tolson initiated State post conviction proceedings in the Circuit Court for Prince George's County on October 26, 2012. ECF 3-1 at 9. On June 4, 2014, the post conviction court granted Tolson a belated application for review of sentence, but otherwise denied post conviction relief. *Id.* at 10. Tolson's timely application for leave to appeal was denied by the Maryland Court of Special Appeals on Feburary 8, 2016. *Id.* The court's mandate issued on March 10, 2016. *Id.*

Tolson filed a motion to correct illegal sentence on January 31, 2017, raising the same claim that is raised in the instant Petition. ECF 3-1 at 11; ECF 1 at 5. That motion was finally resolved on November 6, 2019.

The Petition was filed on February 3, 2017. ECF 1. Initially, Respondents filed a Limited Answer, arguing that the Petition should be dismissed as unexhausted. ECF 3. In his reply, Tolson stated that he was in the process of exhausting his State court remedies.

Tolson's request to stay the federal matter pending the completion of State court review (ECF 4), unopposed by Respondents, was granted, provisionally. ECF 5. The Court directed the parties to file additional materials regarding the stay and an update as to the State court proceedings. *Id.* In their response, Respondents asserted, among other things, that Tolson's claim regarding his life sentence was time barred. ECF 6. Tolson's response, filed on March 30, 2018, indicated that his State proceedings remained pending. ECF 7.

A review of the Maryland Judiciary Case Search in 2020 indicated that Tolson's Motion to Correct Illegal Sentence was denied by the Circuit Court for Prince George's County, and his application for leave to appeal that denial was dismissed by the Maryland Court of Special Appeals on November 6, 2019. *See State v. Tolson*, Case No. 02- 0504X (P.G. Co. Cir. Ct.) at http://casesearch.courts.state.md.us/casesearch/inquiry. Thus, his State proceedings had concluded.

Therefore, on May 14, 2020, Tolson was directed to advise the court whether he wished to proceed with the claims raised in the Petition. ECF 8. Tolson responded in the affirmative. ECF 9. Thereafter, Tolson was granted 28 days to address the timeliness of the Petition. ECF 10. He responded. ECF 11.

## II. Discussion

As noted, on January 8, 2003, Tolson moved in the circuit court for reconsideration of his sentence. ECF 3 at 6. It appears that the circuit court never ruled on the motion.

In light of the Fourth Circuit's holding in *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019), a motion filed pursuant to Md. Rule 4-345 tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2) because "a Maryland Rule 4-345 motion to reduce sentence 'is not part of the direct review process' and 'undoubtedly calls for 'review' of the sentence.'" *Id.* at 195 (quoting *Wall v. Kholi*, 562 U.S. 545, 555 (2011)).

Based on *Mitchell*, 922 F.3d 187, Respondents shall be granted 45 days from the date of this Order to file a supplemental answer, further addressing the timeliness of the Petition. And, because it appears the Petition may be timely, Respondents shall also address the merits of the Petition. Tolson shall be granted 45 days therafter to file a reply.

3

An Order follows.

Date:  February 9, 2021

_____/s/_____

Ellen L. Hollander
United States District Judge