## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALTON TOLSON, <br><br> Petitioner, <br><br> v. <br><br> ADMINISTRATOR STEVEN JOHNSON, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND <br> Respondents. | Civil Action No.: ELH-17-337 |

## MEMORANDUM

Alton Tolson, a self-represented Maryland prisoner, has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. ECF 1 (the "Petition"). He challenges his convictions in the Circuit Court for Prince George's County on charges of first degree murder and a related firearm offense. Tolson was 16 years old at the time of the offenses, for which he received a sentence of life imprisonment plus 20 years, concurrent. Notably, the life sentence is subject to parole.

Respondents are Administrator Steven Johnson and the Maryland Attorney General. They filed an answer to the Petition, asserting that the claim is unexhausted and without merit. ECF 3; ECF 14. Their submissions include several exhibits. Petitioner has replied (ECF 11) and has filed a "Motion For Stay And Aboyance" [sic], seeking to return to State court to exhaust his claim. ECF 17 (the "Motion").

For the reasons that follow, I shall grant Tolson's Motion.

I.      Background[1]

Tolson was charged on April 2, 2002, in the Circuit Court for Prince George's County with First Degree Murder (Count 1) and Use of a Handgun in the Commission of a Crime of Violence (Count 2). ECF 3-1 at 2. He entered a guilty plea to both counts on September 18, 2002. ECF 3-1 at 5.  On November 8, 2002, Tolson was sentenced to life in prison on Count 1 and to twenty years on Count 2, to run concurrent with Count 1. Tolson's sentence includes parole eligibility. ECF 3-1 at 5.

On December 4, 2002, in the Maryland Court of Special Appeals, Tolson filed an application for leave to appeal his guilty plea. ECF 3-2 at 4-5. The application was summarily denied on May 23, 2003. 3-2 at 1-3. Tolson also filed a motion for reconsideration of sentence with the circuit court on January 8, 2003, which was held in abeyance. ECF 3-1 at 6.

Tolson filed a counseled application for post conviction relief on May 28, 2012. ECF 3-1 at 9. After a hearing was held on October 13, 2013, the circuit court issued an order dismissing the application on June 3, 2014. ECF 3-1 at 10.[2] Tolson filed an application for leave to appeal with the Maryland Court of Special Appeals (ECF 3-3 at 3-27), which was denied on February 8, 2016. ECF 3-3 at 1-2.

On January 31, 2017, in the circuit court, Tolson filed a motion to correct illegal sentence. ECF 6-1 at 11. But, on February 3, 2017, before the circuit court heard Tolson's motion, he filed his Petition, seeking federal habeas relief.  Tolson contends that his life sentence violates the

---

[1] I incorporate here the facts set forth in my Memorandum of February 9, 2021.  *See* ECF 12.

[2] The circuit court order dismissing Petitioner's post conviction application was originally dated October 30, 2013, but counsel requested that the court redate the order because she never received a copy. ECF 3-1 at 10; ECF 3-3 at 4.

Eighth Amendment and the opinions of the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), because he was a juvenile when the crimes were committed. ECF 1. Respondents filed a Limited Answer on March 28, 2017, claiming that Tolson's claim was unexhausted because his motion to correct illegal sentence was still pending with the circuit court. ECF 3. Tolson subsequently filed a motion to stay so that he could exhaust his claim in State court. ECF 4.

By Order of February 27, 2018 (ECF 5), this Court granted the unopposed motion to stay but allowed Respondents to show cause within twenty-eight days as to why the stay should not be maintained. ECF 5. Respondents filed a response on March 27, 2018, arguing that Tolson's claim was untimely. ECF 6.

The circuit court issued an order on September 9, 2018, denying Tolson's motion to correct illegal sentence. ECF 14-1. The Petitioner's application for leave to appeal to the Maryland Court of Special Appeals, filed over a year later on September 23, 2019, was dismissed as untimely. ECF 14-1.

In correspondence docketed June 17, 2020 (ECF 9), Tolson advised this Court that he wished to proceed with his federal habeas Petition. And, by Order of June 18, 2020 (ECF 10), the Court directed Tolson to address the issue of equitable tolling. Tolson submitted a filing on July 21, 2020, pertaining to the merits of his Eighth Amendment claim. ECF 11. And, by Memorandum (ECF 12) and Order of February 9, 2021 (ECF 13), the Court directed Respondents to respond to the Petition.

On March 19, 2021, Respondents filed a Supplemental Answer to Petition. ECF 14. They conceded that the Petition is timely (*id.* at 6), but argued that the Petition is unexhausted and urged the Court to exercise discretion to dismiss Petitioner's claim as meritless under 28 U.S.C.

§ 2254(b)(2). *Id.* at 7-20. Tolson responded by filing his Motion, asking for another opportunity to exhaust his claim in the State courts. ECF 17. Respondents oppose Tolson's Motion on the same grounds argued in their Supplemental Answer to Petition. ECF 18.

## II.     Discussion

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before filing a petition seeking habeas relief in federal court, a petitioner must exhaust each claim presented to the federal court through remedies available in a state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

However, the exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief. Rather, it is a matter of comity. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be provided the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In most circumstances, this Court would dismiss the Petition without prejudice for non-exhaustion. The dismissal of this Petition, however, would potentially bar petitioner from re-filing a Section 2254 petition in light of the one-year limitation provision set out under 28 U.S.C. § 2244(d). And, this Court has discretion to stay a habeas petition, such as this one, if it contains an unexhausted claim, in order to allow the petitioner to present his unexhausted claim to the state court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The Circuit Court for Prince George's County issued an order on September 5, 2018, denying Tolson's motion to correct illegal sentence, filed January 31, 2017.  ECF 14-1.  Thereafter, the Maryland Court of Special Appeals denied the appeal as untimely because Tolson did not file it until September 23, 2019.  *Id.*  As a result, Tolson's claim is unexhausted.

Respondents urge the Court to adjudicate Tolson's claim pursuant to 28 U.S.C. § 2254(b)(2), which permits a federal court in its discretion to deny on the merits a habeas corpus claim, despite the applicant's failure to exhaust available remedies in state court. *See Swisher v. True*, 325 F.3d 225, 232-33 (4th Cir.), *cert. denied*, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted").  But, as pointed out by Respondents, there is no limitation on when or the number of times a prisoner can challenge his sentence under Maryland Rule 4-345.

The Maryland Court of Special Appeals dismissed Tolson's application for leave as untimely under Maryland Rule 8-602(b)(2).  *See* ECF 14-1.  But, Tolson is not procedurally barred from pursuing his claim in a successive motion to correct illegal sentence pursuant to Maryland Rule 4-345.  Furthermore, there has been a significant change in the law for juvenile offenders in Maryland since the parties articulated their positions on this issue. In particular, the Maryland General Assembly enacted the Juvenile Restoration Act, codified at Md. Code, Crim. Proc. § 8-110, which allows certain juvenile offenders to petition for a reduced sentence.

The Maryland courts should have a full and fair opportunity to evaluate Tolson's sentence under Maryland policy and procedure before this Court reaches the issues raised in Tolson's Petition.  Moreover, the Court cannot say, on the record before it, that Tolson's claims are without

merit.  Nor is there any evidence before the Court that Tolson has engaged in intentionally dilatory ligation tactics.  *Rhines*, 544 U.S. at 277.

Accordingly, this Court finds good cause to stay the instant proceedings while Tolson completes State court review.  Therefore, the Court shall hold in abeyance review of this matter pending Tolson's exhaustion of State remedies.

Tolson is advised that the stay of these proceedings is conditioned upon his commencement of State post conviction proceedings within sixty days of the date of docketing of the attached Order, and he must advise the Court of the status of the case, due no later than July 15, 2022. Thereafter, Tolson and Respondents shall be required to provide this Court with a status report at six month intervals, in order to apprise the Court of the status of proceedings in the State courts.

Tolson is cautioned that his failure to timely institute State post conviction proceedings or to furnish this Court with timely and complete status reports may result in the dismissal of this federal habeas corpus Petition, without further notice.

A separate Order shall be entered, consistent with this Memorandum, reflecting the opinion set out herein.

April 12, 2022                                          /s/
Date                                                    Ellen L. Hollander
                                                        United States District Judge